IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISANNE CHRISTENSEN

Versus

CAUSE NO.:

ACXIOM INFORMATION SECURITY                   4:08CV4081-JLH
SERVICES, INC., ET AL                          JUDGE HENDREN
                                               JURY DEMANDED

**PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTIONS**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, who respectfully the following proposed jury instructions.

Respectfully Submitted,

**BODENHEIMER, JONES & SZWAK, LLC**

By:    /s/ David A. Szwak
       **DAVID A. SZWAK, LBR#21157, TA**
       416 Travis Street, Ste. 1404
       Mid South Tower
       Shreveport, Louisiana 71101
       (318) 424-1400
       FAX 221-6555
       **COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by placing a copy of same in the United States Mail, properly addressed and first class postage pre-paid on this the 11th day of August, 2009.

**S/ DAVID A. SZWAK**
**OF COUNSEL**

JURY INSTRUCTION NUMBER: _____

Nature of the Action in the Most General Terms

Plaintiff brings this action against the Defendants, Acxiom Information Security Services, Inc. ["Acxiom"], and Per Mar, Inc. ["Per Mar"], based on alleged violations of the federal law known as the Fair Credit Reporting Act, which for convenience I may refer to as the "Act" or "the FCRA."

Complaint.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

Plaintiff is a "consumer."

15 U.S.C. 1681A.

JURY INSTRUCTION NUMBER: _____

## AMI 101

### CAUTIONARY INSTRUCTION—COMMENCEMENT OF TRIAL

To ensure fairness, and the appearance of fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

Third, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it. If someone should try to talk to you about the case, please report it to me.

Fourth, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. When the lawyers, parties or witnesses do not speak to you when you pass in the hall or meet anywhere, remember it is because they are not supposed to talk or visit with you either.

Fifth, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. [In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know more about the matter than anyone will learn through the news media.]

Sixth, do not do any research on the internet or otherwise; or make any investigation about the case or the parties on your own. [Since this case involved an incident that occurred at a particular location, you may be tempted to visit the scene yourself. Please do not do so. This case must be tried solely upon the evidence presented to you in court and not upon any information or impression, whether correct or not, which you might acquire from visiting the scene. Even if you have previous information concerning the scene of the occurrence, due to your familiarity with it, you should keep that information to yourself and not allow it to become a part of the deliberation.]

Seventh, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

## AMI 102

### CAUTIONARY INSTRUCTION—DUTIES OF JURY DURING RECESSES

We are about to take [our first] [a] recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let me know about it immediately. [Do not read, watch or listen to any news reports of the trial, or conduct any research or investigation]. Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

## AMI 103

### RESPECTIVE DUTIES OF JUDGE AND JURY—CAUTIONARY INSTRUCTIONS

(a) The faithful performance of your duties as jurors is essential to the administration of justice.

(b) It is my duty as judge to inform you of the law applicable to this case by instructions, and it is your duty to accept and follow them as a whole, not singling out one instruction to the exclusion of others.  You should not consider any rule of law with which you may be familiar unless it is included in my instructions.

(c) It is your duty to determine the facts from the evidence produced in this trial.  You are to apply the law as contained in these instructions to the facts and render your verdict upon the evidence and law.  You should not permit sympathy, prejudice, or like or dislike of any party to this action or of any attorney to influence your findings in this case.

(d) In deciding the issues you should consider the testimony of the witnesses and the exhibits received in evidence.  The introduction of evidence in court is governed by law.  You should accept without question my rulings as to the admissibility or rejection of evidence, drawing no inferences that by these rulings I have in any manner indicated my views on the merits of the case.

(e) Opening statements, remarks during the trial, and closing arguments of the attorneys are not evidence but are made only to help you in understanding the evidence and applicable law.  Any argument, statements, or remarks of attorneys having no basis in the evidence should be disregarded by you.  [However, an admission of fact by an attorney is binding on his client.]

(f) I have not intended by anything I have said or done, or by any questions that I may have asked, to intimate or suggest what you should find to be the facts, or that I believe or disbelieve any witness who testified.  If anything that I have done or said has seemed to so indicate, you will disregard it.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

## AMI 104

## JURY—PERSONAL OBSERVATIONS AND EXPERIENCES

In considering the evidence in this case you are not required to set aside your common knowledge, but you have a right to consider all the evidence in the light of your own observations and experiences in the affairs of life.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

## AMI 105

## CREDIBILITY OF WITNESSES

You are the sole judges of the weight of the evidence and the credibility of the witnesses. In determining the credibility of any witness and the weight to be given his testimony, you may take into consideration his demeanor while on the witness stand, any prejudice for or against a party, his means of acquiring knowledge concerning any matter to which he testified, any interest he may have in the outcome of the case, and the consistency or inconsistency of his testimony, as well as its reasonableness or unreasonableness.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

## AMI 106

## EFFECT OF INTENTIONAL DESTRUCTION OR SUPPRESSION OF EVIDENCE

In this case, plaintiff contends that the defendants intentionally concealed information and evidence from plaintiff which plaintiff had a right to know, see, inspect, test and discover pre-trial and during the discovery phase of this action.

If you find that a party intentionally destroyed, concealed, lost or damaged evidence or information with knowledge that the evidence or information may be material to a claim or defense in this action, you may draw the inference that the contents of the evidence or information and examination of that evidence or information would have been unfavorable to that party's claim or defense in this action. When I use the term "material" I mean evidence that could be a substantial factor in evaluating the merit of a claim or defense in this case.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

## AMI 107

## EXPERT WITNESSES

An expert witness is a person who has special knowledge, skill, experience, training, or education on the subject to which his testimony relates.

An expert witness may give his opinion on questions in controversy. You may consider his opinion in the light of his qualifications and credibility, the reasons given for his opinion, and the facts and other matters upon which his opinion is based.

You are not bound to accept an expert opinion as conclusive, but should give it whatever weight you think it should have. You may disregard any opinion testimony if you find it to be unreasonable.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

## AMI 108

## CIRCUMSTANTIAL EVIDENCE

A fact in dispute may be proved by circumstantial evidence as well as by direct evidence. A fact is established by direct evidence when, for example, it is proved by witnesses who testify to what they saw, heard, or experienced.  A fact is established by circumstantial evidence when its existence can reasonably be inferred from other facts proved in the case.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

## AMI 110

## TWO OR MORE DEFENDANTS—RIGHTS ARE SEPARATE

Although there is more than one defendant in this action, it does not follow from that fact alone that if one is at fault, both are at fault.  Each is entitled to a fair consideration of his own defense and is not to be adversely affected by your findings with respect to the other(s).  The instructions and the evidence govern the case as to each defendant, insofar as they are applicable to him, to the same effect as if he were the only defendant in the action.  You will decide each defendant's case separately as if each were a separate lawsuit.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

**AMI 202**
**MEANING OF BURDEN OF PROOF AND PREPONDERANCE OF THE EVIDENCE**

     A party who has the burden of proof on a proposition must establish it by a preponderance of the evidence, unless the proposition is so established by other proof in the case [or unless a different standard of proof is required by another instruction]. "Preponderance of the evidence" means the greater weight of evidence. The greater weight of evidence is not necessarily established by the greater number of witnesses testifying to any fact or state of facts. It is the evidence which, when weighed with that opposed to it, has more convincing force and is more probably true and accurate. If, upon any issue in the case, the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve that question against the party who has the burden of proving it.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

## AMI 203
## ISSUES—CLAIM FOR DAMAGES BASED ON NEGLIGENCE—BURDEN OF PROOF

Dr. Christensen claims damages from both defendants, Acxiom and Per Mar.

Dr. Christensen is the Plaintiff. Acxiom and Per Mar, are the defendants.

Dr. Christensen has the burden of proving each of three essential propositions:

First, that she has sustained damages;

Second, as to defendant Acxiom, that Acxiom was negligent;

As to defendant Per Mar, that Per Mar was negligent;

And third, as to defendant Acxiom, that such negligence of Acxiom was a proximate cause of Dr. Christensen's damages, in whole or in part.

As to defendant Per Mar, that such negligence of Per Mar was a proximate cause of Dr. Christensen's damages, in whole or in part.

If you find from the evidence in this case that each of these propositions has been proved as to each respective defendant, then:

* Your verdict must be in favor of Dr. Christensen and against Acxiom, as the party or parties found to be negligent and otherwise at fault; but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for the defendant Acxiom if shown not to be liable to plaintiff.

* Your verdict must be in favor of Dr. Christensen and against Per Mar, as the party or parties found to be negligent and otherwise at fault; but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for the defendant Per Mar if shown not to be liable to plaintiff.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

**AMI 302**
**NEGLIGENCE—DEFINITION**

When I use the word "negligence" in these instructions I mean the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence in this case. It is for you to decide how a reasonably careful person would act under those circumstances. To constitute negligence an act must be one from which a reasonably careful person would foresee such an appreciable risk of harm to others as to cause him not to do the act, or to do it in a more careful manner.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

**AMI 303**
**ORDINARY CARE—DEFINITION**

A failure to exercise ordinary care is negligence. When I use the words "ordinary care," I mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence in this case. It is for you to decide how a reasonably careful person would act under those circumstances.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

**AMI 305**
**DUTY TO USE ORDINARY CARE**

A. It was the duty of Acxiom and Per Mar, each and individually, before and at the time of the incidents at issue, to conduct their business practices in a safe and lawful manner and to comply with the Fair Credit Reporting Act and its provisions.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

**AMI 414**
**DEFINITION—PROBABLE CAUSE**

"Probable cause" means the existence of facts or credible information that would induce a person of ordinary caution to believe that the person against whom civil proceedings are brought is liable for the conduct for which he was charged.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

**AMI 501**

**PROXIMATE CAUSE—CONCURRING PROXIMATE CAUSE—DEFINITION**

The law frequently uses the expression "proximate cause," with which you may not be familiar.  When I use the expression "proximate cause," I mean a cause which, in a natural and continuous sequence, produces damage and without which the damage would not have occurred.

This does not mean that the law recognizes only one proximate cause of damage.  To the contrary, if two or more causes work together to produce damage, then you may find that each of them was a proximate cause.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

**AMI 601**

**VIOLATION OF STATUTE OR ORDINANCE AS EVIDENCE OF NEGLIGENCE**

There was and is still in force in the United States of America at the time of the occurrence a Law called the Fair Credit Reporting Act which Congress passed to protect consumers and to regulate the credit reporting agencies, like Acxiom and Per Mar.

A violation of this Law is considered negligent fault and must be considered by you along with all of the other facts and circumstances in the case.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

**MEMBERS OF THE JURY:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case. Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the

existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial. *United States Court of Appeals for the Fifth Circuit Pattern Jury Instruction No. 3.1*

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted
to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it. *United States Court of Appeals for the Fifth Circuit Pattern Jury Instruction 2.19* and 3.1

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he or she testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income. *United States Court of Appeals for the Fifth Circuit Pattern Jury Instruction No. 3.1*

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

If you find that more than one party is at fault for causing damages to plaintiff, you must assign percentages of fault to each of the parties that you find were at fault.

If the Plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant. United States Court of Appeals for the Fifth Circuit Pattern Jury Instruction No. 15.1

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole---that is, to compensate the plaintiff for the damage that the plaintiff has suffered.

Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury. If the plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of the defendant's conduct. United States Court of Appeals for the Fifth Circuit Pattern Jury Instruction No. 15.2

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for a plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future. United States Court of Appeals for the Fifth Circuit Pattern Jury Instruction No. 15.2

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. United States Court of Appeals for the Fifth Circuit Pattern Jury Instruction No. 15.2

The law is fully cognizant of the difficulty of translating personal injuries into a dollar and cents figure, but that is what must be done. You must arrive at a figure that will fairly and adequately compensate the plaintiff. In estimating such damages, you may take into

consideration the following elements:

1) Medical expenses incurred by the plaintiff;

2) General damages, such as inconvenience, aggravation, humiliation, out of pocket expenses, copy charges, her time expended correcting the effects of the false consumer report, physical injury, pain and suffering, mental anguish, past and future, costs and time in attempting to repair her consumer reports, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, anxiety, mental anguish, and fear of personal and financial safety and security;

3) Loss of enjoyment of life;

 The plaintiff has claimed as part of his damages that she has suffered loss of enjoyment of life, in addition to other physical and mental damages he has suffered. Loss of enjoyment of life is separate and independent from physical pain and suffering. *In re Medical Review Panel*, 657 So.2d, 713 (La. App. 1 Cir. 1995), citing *Stewart v. Select Insurance Companies*, 631 So.2d 559 (La. App. 3 Cir. 1994). As with all other aspects of damage claims, much discretion is afforded to whether any such damages should be awarded and in what amounts. As such, you may take into account the plaintiff's interests, way of life and the extent to which he may have suffered damage with respect to it, which is separate from his physical or mental damages. You may award damages for any bodily injury that the plaintiff sustained and any pain and suffering that the Plaintiff experienced in the past as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the Plaintiff for the damages she has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence. *United States Court of Appeals for the Fifth Circuit Pattern Jury Instruction No. 15.4*

 You may award the plaintiff her expenses of medical care and treatment that the plaintiff will require because of his injuries which were caused by the defendant's wrongful conduct. *United States Court of Appeals for the Fifth Circuit Pattern Jury Instruction No. 15.6A*

 It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

 Remember, that in a very real way you are the judges–judges of the facts. Your only interest is to seek the truth from the evidence in the case. *United States Court of Appeals for the Fifth Circuit Pattern Jury Instructions No. 2.11.*

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Return this charge together with your written answers to the questions. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question. If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk to anyone about the case unless I order you to do so. You may now retire to the jury room to conduct your deliberations. United States Court of Appeals for the Fifth Circuit Pattern Jury Instructions No. 2.12.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

**AMI 302**

**NEGLIGENCE—DEFINITION**

When I use the word "negligence" in these instructions I mean the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence in this case. It is for you to decide how a reasonably careful person would act under those circumstances. To constitute negligence an act must be one from which a reasonably careful person would foresee such an appreciable risk of harm to others as to cause him not to do the act, or to do it in a more careful manner.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

**AMI 701**

**AGENT—DEFINITION**

An agent is a person who, by agreement with another called the principal, acts for the principal and subject to his control.  The agreement may be oral or written or implied from the conduct of the parties and may be with or without compensation.

If one person has the right to control the actions of another at a given time, the relationship of principal and agent may exist at that time, even though the right to control may not actually have been exercised.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

**AMI 702**

**SCOPE OF AUTHORITY—DEFINITION**

I have used the term "scope of authority" in these instructions.

An agent is acting within the scope of his authority if he is engaged in the transaction of business which has been assigned to him by his principal or if he is doing anything which may reasonably be said to have been contemplated as a part of his authority and is in furtherance of his principal's interests.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

## AMI 707

## AGENT OR INDEPENDENT CONTRACTOR

One of the questions for you to decide is whether at the time of the occurrence Ramona Batts [Countywide and its subcontractors] was the agent of Axciom, or was an independent contractor.

Another of the questions for you to decide is whether at the time of the occurrence Ramona Batts [Countywide and its subcontractors] was the agent of Per Mar, or was an independent contractor.

An agent is a person who, by agreement with another called the principal, acts for the principal and is subject to his control.  The agreement may be oral or written or implied from the conduct of the parties and may be with or without compensation.

If one person has the right to control the actions of another at a given time, the relationship of principal and agent may exist at that time, even though the right to control may not actually have been exercised.

An independent contractor is one who, in the course of his independent occupation, is responsible for the performance of certain work, uses his own methods to accomplish it, and is subject to the control of the employer only as to the result of his work.

Any negligence (fault) of an agent while acting in the scope of his authority is charged to his principal.  On the other hand, any negligence (fault) of an independent contractor is not charged to his employer.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

**AMI 708**

**INHERENTLY DANGEROUS WORK— IMPUTED CONDUCT—INDEPENDENT CONTRACTOR**

When I use the expression "inherently dangerous," I mean work to be performed that can be safely carried on only by the exercise of special skill and care and which involves a grave risk of serious harm when it is unskillfully or carelessly done.

Ordinarily an employer is not chargeable with the negligence of an independent contractor;  however, when the work to be performed is inherently dangerous, any negligent conduct of an independent contractor is chargeable to his employer.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

**AMI 709**

**LIABILITY OF EMPLOYER FOR EMPLOYMENT OF INCOMPETENT
INDEPENDENT CONTRACTOR**

An employer must use ordinary care to select an independent contractor who is competent to perform the work for which he is employed.  If an employer knows or reasonably should know that an independent contractor is incompetent in some manner, and another person sustains injuries or damages, of any kind, proximately caused by the negligent conduct of the independent contractor arising out of that characteristic which renders him incompetent to perform the work, then the employer's failure to use ordinary care in the selection of the independent contractor would be a proximate cause of the injuries or damages.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

## AMI 713

### ISSUES—ACTING IN CONCERT

Plaintiff also claims damages from Acxiom and Per Mar on the basis that Acxiom and Per Mar and Batts/Countywide acted in concert with each other and plaintiff has the burden of proving each of three essential propositions:

First, that plaintiff has proved all the essential propositions necessary for a verdict on the claim for violations of the Fair Credit Reporting Act;

Second, Acxiom and Per Mar entered into a conscious agreement to pursue a common plan or design to commit violations of the Fair Credit Reporting Act;

That Acxiom and Batts/Countywide entered into a conscious agreement to pursue a common plan or design to commit violations of the Fair Credit Reporting Act;

Third, that Batts/Countywide actively took part in the violations of the Fair Credit Reporting Act;

That Acxiom actively took part in the violations of the Fair Credit Reporting Act;

That Per Mar actively took part in the violations of the Fair Credit Reporting Act;

If you find from the evidence in this case that each of these propositions has been proved, then your verdict on this claim should be for plaintiff against the respective defendants but if, on the other hand, you find from the evidence that any of these propositions has not been proved against the respective defendant, then your verdict on this claim should be for that defendant.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

## AMI 2104

## COMPARATIVE NEGLIGENCE OR FAULT— COMPLAINT AGAINST PRINCIPAL AND AGENT—COUNTERCLAIM BY PRINCIPAL ONLY

If you should find that Dr. Christensen was not guilty of negligence which was a proximate cause of the occurrence, then she is entitled to recover the full amount of any damages you may find she has sustained which were proximately caused by any negligence of both defendants and their agent, Ramona Batts/Countywide.

If you should find that the occurrence was proximately caused by negligence of both Acxiom and Per Mar [and Ramona Batts/Countywide] then you must compare the percentages of the negligence of these two parties, Acxiom and Per Mar.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

Axciom is a consumer reporting agency.

Per Mar is a consumer reporting agency.

Axciom and Per Mar prepared and published a consumer report for employment-related purposes about Dr. Christensen.

Axciom and Per Mar furnished a consumer report for employment purposes and each compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment.

Axciom and Per Mar are required to do several things or it is a violation of the Fair Credit Reporting Act:

[1] at the time such public record information is reported to the user of such consumer report [in this case, Mount Mercy College], Axciom and Per Mar must notify the consumer of the fact that public record information is being reported by the consumer reporting agencies, Axciom and Per Mar, together with the name and address of the person to whom such information is being reported; or

(2) Axciom and Per Mar must maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

Items of public record are those that relate to arrests, indictments, convictions, suits, tax liens, and outstanding judgments and shall be considered up to date if the current public record status of the item at the time of the report is reported.

15 U.S.C. 1681k.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

Whenever the consumer reporting agencies, Axciom and Per Mar, prepare a consumer report Axciom and Per Mar are required by law to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

Axciom's and Per Mar's duties to follow "reasonable procedures" to assure maximum possible accuracy of information concerning an individual about whom a report relates is not directed at Axciom's and Per Mar's alleged policies. Rather, the law is directed at the actual procedures Axciom and Per Mar uses and the steps and methods followed by the agency, its employees or its agents, in obtaining, preparing and reporting information in a consumer report.

15 U.S.C. 1681e[b].

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

Each transmission of an erroneous consumer report may be a separate and distinct violation of the FCRA and a separate and distinct tort.

Hyde v. Hibernia Nat. Bank of Jefferson Parish, 861 F.2d 446 (5th Cir. 1988), cert. denied, Credit Bureau Services - New Orleans v. Hyde, 109 S.Ct. 3199, 491 U.S. 910, 105 L.Ed.2d 706; James Young v. Equifax Credit Information Services, 294 F.3d 631 [5th Cir. 2002]; Whitesides v. Equifax, 125 F.Supp.2d 807 and 813 [U.S.D.C. W.D. La. 2000]; Parker v. Parker, 124 F.Supp.2d 1216 [U.S.D.C. M.D. Ala. 2000]; Jaramillo v. Experian, 155 F.Supp.2d 356, 2001 U.S.Dist.Lexis 6745 [U.S.D.C. E.D. Pa. 2001].

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

   In judging the conduct of the defendants, you should consider whether the defendants maintained procedures which were "reasonable."  "Reasonable" means "what a reasonably prudent person would do under the circumstances."

Robertson v. J.C. Penney Co., Inc., Slip Copy, 2008 WL 623397 [S.D.Miss. 2008].

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

      The purpose of the Fair Credit Reporting Act is to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

     In determining whether a consumer reporting agency has employed reasonable procedures under FCRA, you must judge their conduct by what a "reasonably prudent person would do under the circumstances." You must balance the potential harm resulting from inaccuracy of the information and the gravity of the potential harm against the burden [cost] which might or would be placed on the agency in safeguarding against such inaccuracy.

Jones v. Credit Bureau of Garden City, Inc., 703 F.Supp. 897 (U.S.D.C. Kan. 1988); Houston v. TRW Informational Services, Inc., 707 F.Supp. 689 (U.S.D.C. S.D. N.Y. 1989); 15 U.S.C. s. 1681e(b); Bryant v. TRW, Inc., 689 F.2d 72 (6th Cir. 1982); Thompson v. San Antonio Retail Merchants Association, 682 F.2d 509, 513 (5th Cir. 1982).

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

Defendants, Acxiom and Per Mar, separately and each, have duties to maintain and actually use reasonable care in the preparation of consumer reports about Mrs.  Mendoza.

Pinner v. Schmidt, 805 F.2d 1258 (5th Cir. 1986), reh. den., 812 F.2d 1405, cert. den., 107 S.Ct. 3267, 483 U.S. 1022, 97 L.Ed.2d 766; Cahlin v. GMAC, 936 F.2d 1151 (11th Cir. 1991).

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like or similar circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like or similar circumstances, or in failing to do something that a reasonably careful person would do under like or similar circumstances.

Whenever a consumer reporting agency, such as Acxiom and Per Mar, prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the reports relates.

If you find from a preponderance of the evidence in this case that defendants negligently failed to follow reasonable procedures to assure maximum possible accuracy in the information in Plaintiff's credit file, the Court instructs you to find for the Plaintiff on the claim of negligent non-compliance with the Fair Credit Reporting Act. If you find that Defendants followed reasonable procedures to assure the maximum possible accuracy in preparation of Plaintiff's credit report then you shall find for the Defendants on those claims.

Cahlin v. GMAC 936 F.2d 1151 (11th Cir. 1991); Parker v. Parker 2000 WL 1641267 (M.D. Ala.); Barron v. Trans Union 82 F. Supp.2d 1288 (M.D. Ala. 2000); USC §1681e(b).

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

It has long been found that credit reports, credit ratings, and the rights thereunder are property rights of each consumer.

Williams v. Equifax, 892 F.Supp. 951 [U.S.D.C. E.D. Mich. 1995]; Patterson v. Livingston Bank, 509 So.2d 6 [La. App. 1 Cir. 1987]; Riley v. Dun & Bradstreet, 172 F.2d 303 [6th Cir. 1949]; Altoona Clay Products v. Dun & Bradstreet, 286 F.Supp. 899 [U.S.D.C. W.D. Pa. 1968]; McClain v. South Carolina National Bank, 105 F.3d 898 [4th Cir. 1997].

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

Enactment of the FCRA in 1970 and the Congressional Findings and Purpose

When Congress enacted the Fair Credit Reporting Act ["FCRA"] in 1970, it found that: 1) the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system; and 2) there is a need to insure that consumer reporting agencies exercise the grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

15 U.S.C. § 1681, et seq. (preamble); TRW Inc. v. Andrews, 534 U.S. 19, 23, 122 S.Ct. 441, 444 (2001)(citations omitted)

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

1681e(b) Weigh Cost Versus Harm; Circumstantial Evidence

In evaluating the reasonableness of a consumer reporting agency's procedures, you should weigh the potential for harm to consumers from inaccurate reporting against the burden of preventing inaccurate reporting. In doing so, you may also consider the extent of information available to the agency. Plaintiff need not produce direct evidence that an agency's procedures are unreasonable. Circumstantial evidence can be used to determine if an agency's procedures are reasonable in light of the potential for harm. For instance, each transmission of a false, incomplete or inaccurate consumer report, or violation of the Fair Credit Reporting Act ["FCRA"]'s provisions, may be used as circumstantial evidence that procedures used are not reasonable. In other words, if you find Plaintiff's reports contained inaccuracies or that one or both defendants violated one of the more important Act provisions, you may consider whether such finding is circumstantial evidence that the procedures used are unreasonable.

15 U.S.C. 1681e(b); See Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1156-57 (11th Cir. 1991)(advising that "accuracy is quite clearly not a self-defining concept"; credit bureau must show procedures followed were reasonable once inaccuracy established); Parker v. Parker 124 F. Supp. 2d 1216, 1225 (MD Ala. 2000)(approving reasonableness determination which weighs potential harm from inaccuracy against the burden of safeguarding against such inaccuracy); Cushman v. Trans Union Corp. 115 F.3d 220, 224-225 (3rd Cir. 1997)(credit bureau may be required to go beyond the original source once it receives a dispute from the consumer as "the likelihood that the cost-benefit analysis will shift in favor of the consumer increases markedly." )(citing Stephenson v. TRW, Inc., 987 F.2d 288, 293 (5th Cir. 1993)).

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

Negligent Noncompliance Standard - Weighing

In evaluating the reasonableness of a consumer reporting agency's procedures, you should weigh the potential harm to the consumer from the inaccuracy against the burden on the agency of preventing the inaccuracy.

Authority: See Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1156-57 (11th Cir. 1991) (advising that "accuracy is quite clearly not a self-defining concept"; credit bureau must show procedures followed were reasonable once inaccuracy established); Parker v. Parker 124 F. Supp. 2d 1216, 1225 (MD Ala. 2000) (approving reasonableness determination which weighs potential harm from inaccuracy against the burden of safeguarding against such inaccuracy); Cushman v. Trans Union Corp. 115 F.3d 220, 224-225 (3rd Cir. 1997) (credit bureau may be required to go beyond the original source once it receives a dispute from the consumer as "the likelihood that the cost-benefit analysis will shift in favor of the consumer increases markedly.") (citing Stephenson v. TRW, Inc., 987 F.2d 288, 293 (5th Cir. 1993) (other citation omitted)).

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

Denial of Credit or a Job Is Not a Condition of Damages

A denial of credit or employment to plaintiff is not necessary in order for you to award actual damages under the Fair Credit Reporting Act ["FCRA"]. Plaintiff may recover if she can establish by a preponderance of the evidence that a violation of the Fair Credit Reporting Act ["FCRA"] was a substantial factor in causing any harm.

Fischl v. General Motors Acceptance Corp., 708 F.2d 143, 151 (5th Cir.1983)(noting that actual damages include humiliation or mental distress, even if the consumer has suffered no out-of-pocket losses); Casella v. Equifax Credit Information Serv., 56 F.3d 469 (2d Cir. 1995); Guimond v. Trans Union Credit Corporation, 45 F.3d 1329, 1333 (9th Cir. 1995)(holding that a credit denial is not necessary to make out a prima facie case pursuant to 15 U.S.C. § 1681e(b); inaccuracies in the credit report alone are sufficient to justify an award of damages for the embarrassment stemming therefrom); McMillan v. Associates Financial Services, Inc., 2001 US Dist LEXIS 17973 (D. Conn. Oct. 19, 2001).

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

Compensatory Damages and Causation

I turn now to the law of damages applicable to the claim of the plaintiff under the Fair Credit Reporting Act. The Fair Credit Reporting Act ["FCRA"] specifically permits you to award damages to the plaintiff for either negligent or willful noncompliance with the Fair Credit Reporting Act ["FCRA"] by either or both defendants.

In order to recover compensatory damages, plaintiff must establish that either or both defendant's violation[s] of the Fair Credit Reporting Act ["FCRA"] was the "legal cause" of her injuries.

The term "legal cause" requires that the conduct of defendant which Plaintiff claims violated the Fair Credit Reporting Act must have been a substantial factor in causing the injury complained of by the plaintiff, and that the injury must have been either a direct result or a natural and probable consequence of the conduct of the defendant.

A substantial factor is an important or material factor and not one that is insignificant. However, plaintiff need not prove that defendant's failure to comply was the sole cause of her damages.

15 U.S.C. s1681n, o; Philbin v. Trans Union Corp., 101 F.3d 957, 968 (3d Cir. 1996).

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

Each Alleged Violation by Equifax, if Proven, Is a Separate and Distinct Claim

Although plaintiff contends there were numerous violations of the Fair Credit Reporting Act ["FCRA"], plaintiff need only prove one violation in order to prove the Fair Credit Reporting Act ["FCRA"] was violated. Each act or omission by defendant which did not comply with its obligations under the Fair Credit Reporting Act ["FCRA"] is a separate and distinct claim, and you may award compensatory and punitive damages for each event to the extent such violation(s) caused damages as set forth below.

Hyde v. Hibernia Nat. Bank in Jefferson Parish, 861 F.2d 446, 450 (5th Cir. 1988).

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

JURY INSTRUCTION NUMBER: _____

Plaintiff's Allegations - Section 1681e(b) Duties

Plaintiff alleges each Defendant violated the Fair Credit Reporting Act ["FCRA"] in several ways. I will explain what the Fair Credit Reporting Act ["FCRA"] requires and the allegations that plaintiff must prove.

First, the Fair Credit Reporting Act ["FCRA"] requires that a credit reporting agency "shall follow reasonable procedures to assure maximum possible accuracy of the information it reports." "Maximum possible accuracy" means that information cannot be incomplete, illogical, inaccurate, misleading or internally inconsistent such that misrepresents the consumer's financial situation. The maximum possible accuracy standard focuses on whether the credit reporting agency's procedure poses an unreasonable risk of producing error.

15 U.S.C. 1681e(b); Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1156-57 (11th Cir. 1991)(speaking of burden shifting and advising that "accuracy is quite clearly not a self-defining concept"); Equifax v. FTC, 678 F.2d 1047 (11th Cir. 1982); Swoager v. Credit Bureau, 608 F. Supp. 972, 976 (M.D. Fla. 1985) (upon receiving a dispute merely reporting whatever information a creditor furnished not reasonable); Apodaca v. Discover Financial Systems, 417 F. Supp. 2d 1220, 1230-1231 (D. NM. 2006)(denying Equifax's Motion for Summary Judgment reasoning that Equifax may not be justified in exclusively relying on"furnishers of credit information . . . once the credit reporting agency receives notice that the consumer disputes information contained in his [or her] credit report."); Koropoulos v. Credit Bureau, Inc., 734 F.2d 37 (D. C. Cir. 1984); Penner v. Schmidt, 805 F. 2d 1258 (5th Cir. 1986); Cassara v. DAC Services, Inc., 276 F.3d 1210 (10th Cir. 2002); Dalton v. Capitol, 257 F.3d 409 (4th Cir. 2001); Cushman v. Trans Union Corp., 115 F.3d 220, 224-25 (3d Cir. 1997) (perfunctory investigation improper once a claimed inaccuracy is pinpointed; must go beyond original source); Henson v. CSC Credit Services & Trans Union Corp., 29 F.3d 280, 286 (7th Cir. 1994) (must go beyond original source where there is a possibility that information unreliable); Podell v. Citicorp Diners Club, Inc. & Trans Union Corp., 112 F.3d 98, 104-05 (2d Cir. 1997) (Trans Union acted properly because it received confirming reports from creditors shortly after the creditors' had requested removal, and removed once contacted by the consumer); Philbin v. Trans Union Corp., 101 F.3d 957, 970 (3d Cir. 1996) (confusing father/son files); Barron v. Trans Union Corp., 82 F. Supp. 2d 1288, 1299 (M.D. Ala. 2000) (failure to adequately reinvestigate); Cousin v. Trans Union Corp., 246 F.3d 359, 368 (5th Cir. 2001); Zala v. Trans Union, L.L.C., 2001 U.S. Dist LEXIS 549 *25-26 (N. D. Tex. Jan. 17, 2001) (refusing to dismiss punitive damage claim for willful violations of reinvestigation obligations). See also the long-established standards set in Bryant v. TRW, Inc., 689 F.2d 72, 79 (6th Cir. 1982) (two phone calls to the creditors insufficient); Dynes v. TRW Credit Data, 652 F.2d 35-36 (9th Cir. 1981) (single effort to investigate inadequate); Thompson v. San Antonio Retail Merchant's Association 682 F.2d 509, 513 (5th Cir. 1982).

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____