**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

**CHRISANNE CHRISTENSEN**                                    **PLAINTIFF**

**vs.**                        **CASE NO. 4:08-cv-4081-JLH**

**ACXIOM INFORMATION SECURITY**
**SERVICES, INC., and PER MAR, INC.**
**a/k/a PER MAR SECURITY AND**
**RESEARCH CORP. d/b/a PER MAR**
**CONSULTING AND INVESTIGATIONS**
**GROUP**                                            **DEFENDANTS**

**AISS' PRE-TRIAL DISCLOSURE SHEET**

Separate Defendant AISS submits the following information as its pre-trial disclosure sheet:

1.      <u>Identity of the party submitting this information is</u>:

Acxiom Information Security Services, Inc. ("AISS")

2.      <u>Names, addresses and telephone numbers of all counsel for Defendant</u> AISS are:

> Amy Lee Stewart
> J. Ryan Solomon
> ROSE LAW FIRM
> a Professional Association
> 120 East Fourth Street
> Little Rock, AR 72201
> 501-377-0334

3.      <u>Brief summary of claims and relief sought</u>:

Plaintiff filed a complaint against AISS alleging negligence, defamation, invasion of privacy, breach of contract/third party beneficiary, breach of contract, and violations of Sections 1681e[b] and 1681k of the Fair Credit Reporting Act ("FCRA") and seeking

1

compensatory damages in excess of $430,000 and punitives of $350,000. Plaintiff has recently moved voluntarily to dismiss her claims for negligence, defamation, invasion of privacy, breach of contract/third party beneficiary, and breach of contract. The Court has recently granted partial summary judgment against Plaintiff as to causation for loss of employment and punitive damages, leaving for trial only Plaintiff's claim for emotional damages on Counts 6 and 7 of her Complaint (15 USC 1681e(b), 1681(k)).

    4.    <u>Prospects for settlement</u>:

Possible. The parties engaged in mediation with Magistrate Bryant, though no agreement was reached. They have just re-opened settlement discussions. Defendant AISS offers its full cooperation.

    5.    <u>Basis for jurisdiction; objections</u>:

Jurisdiction is based upon federal question jurisdiction. There are no objections to jurisdiction.

    6.    <u>Pending motions</u>:

        a)    Plaintiff's Motion in Limine and Motion to Strike

        b)    Defendant AISS will be filing a Motion in Limine

    7.    <u>Concise summary of facts</u>:

On May 14, 2008, Plaintiff, Chrisanne Christensen, notified AISS that they had erroneously reported to a prospective employer Mount Mercy College ("Mount Mercy") that she had a misdemeanor conviction on her record. By the next day, the report had been corrected, Mount Mercy had received and acknowledged it, and Christensen's contract was in the mail.

Within six hours of hearing that the report was corrected and her job was confirmed, Plaintiff initiated a telephone conversation with the Provost of Mount Mercy that caused him such concern over how she might handle adverse situations, and conflict in the classroom, and about her professionalism, and how she would be able to work with other faculty, that he and the President of the College decided to withdraw their job offer to her.

On September 15, 2008, Christensen sued AISS and Per Mar, alleging various common law torts, breach of contract, punitive damages, and violation of the FCRA provisions 1681e(b) and 1681k. After voluntary dismissal of some claims, and summary judgment on several categories of damages, all that remains are the FCRA claims and Christensen's petition for damages for emotional distress.

8.      Proposed stipulations:  See Exhibit A, attached.

9.      Issues of fact expected to be contested:

a)      Whether Plaintiff can prove AISS did not maintain reasonable procedures to assure maximum possible accuracy under the FCRA.

b)      Whether Plaintiff can prove AISS, in performing the criminal record search for Plaintiff's employment, did not maintain strict procedures designed to insure that public record information reported was complete and up to date.

c)      Whether Batts contacted Tony Noar on May 9, 2008 and advised him CountyWide had erroneously reported a record on Christensen.

d)      Whether Plaintiff can prove that Per Mar reported the error to Mount Mercy a second time before it was corrected.

e)   Whether Plaintiff can prove AISS or Par Mar caused Plaintiff emotional damages.

f)   Whether Plaintiff can prove she sustained emotional damages, and if so, in what amount.

g)   Whether Plaintiff mitigated her damages to the extent she can prove any.


10.   <u>Issues of law expected to be contested:</u>

a)   Whether Plaintiff is entitled to attorney's fees and/or other damages.

b)   Whether Plaintiff properly pled claims against AISS for allegedly failing to reinvestigate.

c)   Whether Plaintiff properly pled claims against AISS for allegedly failing properly to train Ramona Batts on FCRA.

d)   Whether Batts or AISS is a furnisher under the FCRA.

e)   Whether accuracy is a requirement of consumer reports under § 1681k.

f)   Whether Plaintiff properly pled claims against AISS for allegedly failing to screen/check/audit Countywide's work as it relates to FCRA searches.

g)   Whether Defendant AISS is entitled to attorney's fees for unnecessarily having to defend Plaintiff's state law claims which she moved to dismiss shortly before trial.

h)      Whether Defendant AISS is entitled to attorney's fees for unnecessarily having to defend Plaintiff's unjustified claims for loss of employment and for punitive damages.

11.   <u>List of exhibits</u>:

<u>The following exhibits will be used:</u>

1.      07/10/09 Letter from Giles to J. Hill

2.      2009-2010 Southern Arkansas University Faculty Contract

3.      SAU Tenure Document (Form C)

4.      SAU Tenure Document (Form D)

5.      SAU Tenure Document (Form E)

6.      01/25/09 Letter to Tenure Committee

7.      01/25/09 Letter to Tenure Committee (Form F)

8.      01/25/09 Letter to Tenure Committee (Form G)

9.      01/25/09 Letter to Tenure Committee (Form I)

10.     Christensen CV in support of Tenure application

11.     01/12/09 Letter to Tenure Committee from Kordas

12.     01/13/09 Letter to Tenure Committee from Lynn Belcher

13.     01/09/09 Letter to Tenure Committee from Loretta Neal

14.     12/22/09 Letter to Tenure Committee from Kim Bloss

15.     Documentation of Expansion of Faculty Member's knowledge related to discipline to research

16.     Bibliography of publications in Tenure application

17.     Listing of professional service

18. Mount Mercy documents MMC 1, 26-29, 47-58, 74-75, 123-124

19. Plaintiff's Hawaii Pacific University transcript.

20. Email from Jepson to Christensen 05/15/08 at 9:18 a.m. "Re: Good News" produced by Plaintiff as bates 38-39.

21. Exhibits to AISS Motion for Summary Judgment 4, 19-21, 31, 33, 37-38.

22. Exhibits to AISS Reply in Support of Motion for Summary Judgment

The following exhibits may be used:

23. Exhibits 1-5 to Ramona Batts deposition.

24. Collum and Carney Clinic Medical Records

25. Exhibits 1, 3, 5, 8, 9 and16 to Deposition of Plaintiff, Chrisanne Christensen

26. Email from Conroy to Christensen 05/14/05 at 11:43 a.m. produced by Plaintiff as bates 46.

27. Records of Dr. Ray Branman.

28. Records of Dr. Kimberly J. Parham.

29. Mount Mercy College Employee Personal Data Form signed by Dr. Christensen on 5-04-08, Bates 000005

30. AISS May 15, 2008 letter and enclosures to Chrisanne Christensen, bates 000011-15

31. Plaintiff's Faculty Contract with SAU for 2009-2010 Academic Year.

32.     2009 Faculty Evaluation and Progress Review Form, Ex. A to Deposition of Jan Duke.

33.     Exhibits to Affidavit of C. Schwall.

34.      Tax returns produced by Plaintiff.

35.     Plaintiff's Responses to Requests for Admission.

36.     Acxiom documents produced with Initial Disclosure.

37.     Timeline-Acxiom demonstrative exhibit.

38.     Acxiom-Per Mar Reseller Service Agreement.

39.     Deposition excerpts, Vols I and II of Plaintiff, Chrisanne Christensen.

40.     Deposition excerpts of John Novsad.

41.     Application records for Houston Community College, Houston Community College, Virginia Wesleyan College, Southern Vermont, Avila University, Mount Ida University, and Clarke College.

42.     Notice of 30(b)(6) deposition to Acxiom.

43.     Notice of 30(b)(6) deposition to Per Mar.

44.     Notice of Deposition and Subpoena to Ramona Batts.

AISS reserves the right to use any document identified by the Plaintiff or Per Mar in their Pre-trial disclosure sheets or Exhibit Lists, or attached to any deposition, initial disclosure, or discovery response.

12.     List of witnesses Defendant expects to call:

Defendant AISS may call any witness listed on Plaintiff's witness list or Per

Mar's witness list.  Defendant AISS anticipates that it will call the following, in person or

by deposition:

Curt Schwall, AISS
Mike Cool, AISS
Jon Novasad
Dr. Chrisanne Christensen
Dr. Ben Johnson  (expected by deposition)
Roger Giles, Ph.D. (expected by deposition)
Jan R. Duke (expected by deposition)

     Defendant AISS may call the following witnesses:

Dan Conroy (expected by deposition)
Lisa Yarham (expected by deposition)
Anthony Noar
Jeannine Payne (expected by deposition)
Judith Tetzlaf (expected by deposition)
Cathryn Rezabeck (expected by deposition)
Linda Garzelanczyk (expected by deposition)
Dr. Christopher Blake, President of Mount Mercy College (by deposition)
Patrick Jepson, Director of Human Resources, Mount Mercy College (by deposition)
Dr. John Marsden, Provost of Mount Mercy College (by deposition)
Ramona Batts (expected by deposition)

     To the extent Plaintiff or Per Mar does not produce individuals it lists as potential

witnesses, or introduces partial deposition transcripts for any witness, or to the extent the

individuals AISS has identified are otherwise unavailable, AISS reserves the right to use

any or all of such witness' deposition testimony.

13.     The current status of discovery, remaining discovery:  Discovery is

complete.

14.     Estimate of the length of trial and suggestions for expediting disposition of

action:

8

Defendant AISS estimates trial will take two to three days. Stipulation as to the admissibility of documents and ruling limiting introduction of evidence unrelated to alleged violation of claimed statutory provisions and emotional distress will reduce the time of trial.

Respectfully submitted,

ROSE LAW FIRM
A Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
astewart@roselawfirm.com

**ATTORNEYS FOR AISS**

By:   /s/ Amy Lee Stewart
Arkansas Bar No. 88167
J. Ryan Solomon
Arkansas Bar No. 2002121

## CERTIFICATE OF SERVICE

I, Amy Lee Stewart, do hereby certify that on August 10, 2009, I electronically filed the foregoing document entitled AISS' PRETRIAL DISCLOSURE SHEET with the Clerk of Court, via the CM/ECF system, which shall send notification of such filing to the following:

David A. Szwak
Bodenheimer, Jones & Szwak
509 Market St., Suite 730
United Mercantile Bank Building
Shreveport, LA 71101
Telephone: (318) 424-1400
Facsimile:  (318) 221-6555

Randy P. Murphy
Jodie Hill
Anderson, Murphy & Hopkins, L.L.P
400 W. Capitol Ave., Ste. 2470
Little Rock, AR 72201
Telephone: (501) 372-1887
Facsimile:  (501) 372-7706

   /s/ Amy Lee Stewart
Amy Lee Stewart

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION**

**CHRISANNE CHRISTENSEN**                                     **PLAINTIFF**

**vs.**                              **CASE NO. 4:08-cv-4081-JLH**

**ACXIOM INFORMATION SECURITY
SERVICES, INC., and PER MAR, INC.
a/k/a PER MAR SECURITY AND
RESEARCH CORP. d/b/a PER MAR
CONSULTING AND INVESTIGATIONS
GROUP**                                                      **DEFENDANTS**

**EXHIBIT A**

**AISS' PROPOSED STIPULATIONS**

Separate Defendant Acxiom Information Security Services, Inc. (AISS), by and through its attorneys, Rose Law Firm, a Professional Association, and for its Proposed Stipulations, states as follows:

1.      AISS has been providing background screening services to its clients for more than 30 years.

2.      For purposes of the FCRA, AISS is a consumer reporting agency.

3.      At all times relevant to the present matter, AISS and Per Mar were parties to a contract whereby AISS agreed to provide certain consumer reports to Per Mar for a fee. Per Mar would then resell these reports to its customers, in this case Mount Mercy.

4.      Per Mar is a client of AISS.

5.      AISS never entered into a contract with Christensen.

6.      Per Mar never entered into a contract with Christensen.

1

7.     To conduct the number of searches requested of AISS each year, AISS relies on numerous researchers. All researchers utilized by AISS undergo quality testing and training, as well as background investigations.

9.     All researchers who contract with AISS sign a Public Record Searcher Agreement ("Agreement"). The Agreement specifies, among other things, that researchers are required to follow Acxiom's Searcher Operations Manual.

10.    Acxiom's Searcher Operations Manual sets forth procedures for conducting searches and reporting information to AISS to ensure maximum possible accuracy.

11.    Researchers, upon contracting with AISS, are also provided a document entitled Notice to Furnishers of information: Obligation of Furnishers under the FCRA.

12.    To order a consumer report from AISS, a customer is required to submit its request to AISS either electronically or via facsimile.

13.    All search criteria are specified by the customer. AISS does not make independent determinations as to what counties or states should be searched with regard to any particular background investigation.

14.    All orders received by AISS are subsequently entered into its searcher network, whereby it is determined which researcher in its network is the most geographically appropriate to conduct the work requested.

15.    AISS researchers go to the original source, i.e., courthouse, for the purpose of researching the most current information available regarding the individuals that are the subject of the background screening. This can be accomplished by personally going to, or personally contacting personnel at, the courthouse in the requested county.

16.     If the subject of a consumer report disputes the information provided, AISS promptly reinvestigates the disputed information.

17.     From January 1, 2008 through June 30, 2008, AISS conducted background searches for a total of 1,182,158 job applicants. Only 1,111 (0.09%) of these applicants filed a dispute with AISS regarding the information reported.

18.     On May 1, 2008, Mount Mercy offered Christensen the position of Associate Professor of Psychology.

19.     Christensen gave written consent to Mount Mercy and its agent Per Mar to conduct a background investigation.

20.     The background authorization form signed by Christensen stated "[b]y placing my signature below, I acknowledge that this background inquiry may involve the request of any or all of the following . . . [a]ny public record of criminal convictions."

21.     The background authorization form authorized other entities to release data to Per Mar.

22.     The background authorization stated that Per Mar was Mount Mercy's agent.

23.     Per Mar requested that AISS conduct a criminal records search on Christensen in Uvalde County, Texas.

24.     AISS commissioned Countywide Research to conduct a search at the county courthouse in Uvalde County, Texas.

25.     Countywide, through its owner, Ramona Batts ("Batts"), had contracted with AISS since 2005. Their most recent contract with AISS prior to May 2008 was executed on January 17, 2008.

26.     Countywide, through Batts, was a private investigator licensed by the State of Texas since 1998 and doing criminal background checks consistently since 1998.

27.     To become licensed as a private investigator in Texas, Batts was required to apprentice with a private investigating firm for three years, and then pass a 200 question examination.   The apprenticeship including learning to do criminal background checks.

28.     Prior to AISS contracting with Countywide for Countywide to conduct courthouse searched on AISS' behalf, AISS interviewed Batts, tested her with sample searches, did a criminal background search on her, and required verification of her state license as a private investigation company.

29.     Countywide received copies of AISS' Searcher Operations Manual, acknowledging in writing receipt of the most recent copy of this Manual.

30.     AISS provided Countywide with a document identified as "Notice to Furnishers of Information: Obligations of Furnishers under the FCRA".

31.     Countywide performed the requested search regarding Christensen's criminal history and faxed a response to AISS inaccurately indicating that Christensen had a criminal record in Uvalde County, Texas.

32.     Without knowing of its inaccuracy, AISS subsequently sent this information to Per Mar, whereupon Per Mar's Lead Background Investigator, Lisa Yarham ("Yarham") compiled and forwarded Christensen's background report to Mount Mercy on May 12, 2008.

33.    Upon receiving the background report for Christensen on May 12, 2008, Pat Jepson ("Jepson"), Human Resources Director for Mount Mercy, sent an email to Christensen requesting that she contact him.

34.    On May 13, 2008, Jepson indicated via email that Christensen would be given 30 days to correct the discrepancy appearing in her criminal background report. In this same email, Jepson stated that Christensen's offer of employment would be confirmed and a contract sent as soon a report showing her record was clear was provided.

35.    On May 13, 2008, Christensen notified Per Mar's Lead Investigator, Yarham, via email that there had been a discrepancy in her criminal background report.

36.    On May 14, 2008, Yarham forwarded Christensen's email, along with the documentation provided by Christensen, to AISS and requested that the information be sent to the AISS compliance department.

37.    Per Mar employee Dan Conroy ("Conroy") responded to Christensen on May 14, 2008 and directed her to contact AISS so that the matter could be resolved.

38.    On May 14, 2008, Christensen contacted AISS and disputed the record that it had submitted to Per Mar. This was the first time that Christensen had contacted AISS regarding the erroneous report.

39.    A review of relevant court documents and confirmation with the Court Clerk showed that the criminal conviction that had been attributed to Christensen was inaccurate.

40.    AISS  issued a corrected report on May 14, 2008.

41.    Per Mar promply delivered the corrected report to Mount Mercy.

42.     Early on May 15, 2008, Christensen was notified by Jepson via email that Mount Mercy had received a report from Per Mar indicating that there were no criminal records found for Christensen.

43.     Jepson stated that, as a result of the report indicating no criminal record, he was sending Christensen a contract for employment with Mount Mercy for the 2008-2009 academic year.

44.     Mount Mercy's later withdrawal of its offer of employment to Christensen was in no way related to the erroneous report of criminal conviction that Mount Mercy had initially received.

45.     Mount Mercy officials have not discussed Christensen's background check with anyone from any other college. This is consistent with Mount Mercy's practice.

46.     Christensen has no evidence to support that Mount Mercy officials have discussed her application, contract, erroneous criminal background report, or withdrawal of offer with anyone.

47.     Christensen has no evidence that any of the universities for which she had applied for a job have received any information regarding the erroneous report Mount Mercy received in May 2008.

48.     Christensen herself has informed others about the erroneous criminal background report, including, but not limited to, her colleagues at her current job, her professional references, the AAUP, her pastor, and other individuals that she claims are helping her keep this information confidential.

6

49.     Christensen's colleagues at Southern Arkansas University, specifically the Chair of Christensen's department and the Dean of SAU, did not alter their opinion of Christensen as a result of the erroneous report published by AISS.

50.     In June 2009, Christensen was granted tenure at Southern Arkansas University.

51.     Christensen has been appointed to two faculty search committees since May 2008.

52.     Christensen was asked to be a speaker at the annual conference for the American Psychological Association, a nationally recognized organization related to Christensen's field of study. This is a major honor and a goal that Christensen has been working toward throughout her career.

53.     Christensen does not earn $2000 per day.

54.     Christensen has never consulted a psychiatrist, psychologist, or other medical professional for emotional distress caused by the erroneous background report.

55.     Christensen has not been prescribed any medications for depression or anxiety related to Mount Mercy's withdrawal of an employment opportunity.

56.     Christensen chose to bring a lawsuit against AISS.